No. 11-3637

═══════════════════════════════════════════════

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

═══════════════════════════════════════════════

Consolidation Coal Company,

        Employer-Appellant,

    vs.

Director, Office of Workers' Compensation
Programs, United States Department of
Labor and George Bailey,

        Parties-In-Interest and
        Employee-Appellees.

═══════════════════════════════════════════════

Appeal from the Benefits Review Board
United States Department of Labor
Case Nos. 08-BLA-5996 (BRB No. 11-142 BLA)

═══════════════════════════════════════════════

BRIEF OF APPELLANT, CONSOLIDATION COAL COMPANY

═══════════════════════════════════════════════

FEIRICH/MAGER/GREEN/RYAN
Cheryl L. Intravaia
Attorney for Employer-Appellant, Consolidation Coal Company
2001 West Main Street
P.O. Box 1570
Carbondale, Illinois  62903
Telephone:618-529-3000
Facsimile:618-529-3008

═══════════════════════════════════════════════

Oral Argument Requested

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

REPLY ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    The ALJ's invocation of the 15-year presumption at 30 U.S.C.
        §921(c)(4), as well as his analysis of the underlying evidence when
        invoking the presumption, to find Claimant proved a change in
        condition of entitlement pursuant to 20 C.F.R. §725.309 was not
        supported by substantial evidence, was not rational and was contrary
        to law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    The ALJ's invocation of the rebuttable presumption at 30 U.S.C.
        §921(c)(4) to find entitlement by failing to consider the inconsistencies
        between the regulations and the statute, adopting conclusions
        erroneously utilized in determining the "change in condition" under 20
        C.F.R. §718.309 and failing to evaluate the additional evidence except
        to say it was "later in time" and "did not change his conclusion" was
        not supported by substantial evidence, rational and was contrary to
        law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

    C.    The ALJ's finding that Consol failed to rebut the presumption was not
        supported by substantial evidence, irrational and contrary to law
        based on both the ALJ's analysis of the evidence and the
        inconsistencies between the amended regulations and the revived
        presumption at §921(c)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(a)(7) . . . . . . . . . . . . . . . . . 27

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

TABLE OF AUTHORITIES

Case Law

Anderson v. Director, OWCP, 455 F.3d 1102 (10th Cir. 2006). . . . . . . . . . . . . . 16, 18

B&G Construction Co v. Director, OWCP, 662 F.3d 233 (3rd Cir. 2011). . . . . . 17, 18

Barber v. Director, OWCP, 43 F.3d 899 (4th Cir. 1995). . . . . . . . . . . . . . . . . . . 17, 18

Budash v. Bethlehem Mines Corp., 16 BLR 1-27 (1991). . . . . . . . . . . . . . . . . . . 11-12

Cumberland v. Dep't of Agric. Of U.S., 537 F.2d 959 (7th Cir. 1976). . . . . . . . . 24, 25

Department of Health and Human Services v. Florida, 80 U.S.L.W. 3199 (U.S. Nov. 14, 2011) (11-398). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Energy West Mining Company v. Oliver, OWCP, 555 F.3d 1211(10th Cir. 2009). . 17

Freeman United Coal Min'g Co v. Anderson, 973 F.2d 514 (7th Cir. 1992). . . . . . 21

Freeman United Coal Min'g Co v. Summers, 272 F.3d 473 (7th Cir. 2001)17-18, 2021

Gulley v. Director, OWCP, 397 F.3d 535 (7th Cir. 2005). . . . . . . . . . . . . . . . . . . . . 23

Keene v. Consolidation Coal Company, 645 F.3d 844 (7th Cir. 2011). . . . . . . . . . . 19

Leary v. United States, 395 U.S. 6, 89 S. Ct. 1532 (1969). . . . . . . . . . . . . . . . . . . 24

Lisa Lee Mines v. Director, OWCP, 86 F.3d 1358 (4th Cir. 1996). . . . . . . . . . . . . . . 9

Nat'l Mining Ass'n v. Dept. of Labor, 292 F.3d 849 (D.C. Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10, 15, 16, 18, 20

National Federation of Independent Business v. Sebelius, 80 U.S.L.W. 3198 (U.S. Nov. 14, 2011) (11-393). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Peabody Coal Co. v. Director, OWCP [Spese], 117 F.3d 1001 (7th Cir. 1997). . 6, 9, 10

Peabody Coal Co. v. Director, OWCP, 165 F.3d 1126 (7th Cir. 1999). . . . . . . . . . . 21

Sahara Coal Co. v. OWCP/U.S. DOL, 946 F.2d 554 (7th Cir. 1991). . . . . . . . . 6, 9, 15

Shelton v. Old Ben Coal Co., 933 F.2d 504 (7th Cir. 1991). . . . . . . . . . . . . . . . . . . . 21

Sprague v. Director, OWCP, 310 Fed. Appx 890 (7th Cir. 2009) (unpub.). . . . . 17, 18

Toler v. Eastern Associated Coal Co., 43 F.3d 109 (4th Cir. 1995). . . . . . . . . . . . . 11

Troupe v. Reading Anthracite Coal, 22 BLR 1-11 (1999) (en banc). . . . . . . . . . . . 12

Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 96 S. Ct. 2882 (1976). . . . 21-22, 25

West Virginia CWP Fund v. Stacy, Director, 671 F.3d 378 (4th Cir. 2011). . . . . 17,18

## Statutes and Regulations

30 U.S.C. §921(c)(3).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

30 U.S.C. §921(c)(4).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 13

30 U.S.C. §932. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24-25

30 U.S.C. §932(l). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

20 C.F.R. §718.201(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 20

20 C.F.R. §718.204(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

20 C.F.R. §§718.204(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 25

20 C.F.R. §718.204(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

20 C.F.R. §718.204(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24

20 C.F.R. §718.305. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

20 C.F.R. §725.306 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

20 C.F.R. §725.309(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 10

## Other

65 Fed. Reg. 79920, 79938 (Dec. 20, 2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 20

Merriam-Webster Dictionary (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

REPLY ARGUMENT

A.     The ALJ's invocation of the 15-year presumption at 30 U.S.C. §921(c)(4), as well as his analysis of the underlying evidence when invoking the presumption, to find Claimant proved a change in condition of entitlement pursuant to 20 C.F.R. §725.309 was contrary to law.

The instant matter involves Mr. Bailey's third[1] filing for benefits under the Black Lung Benefits Act. DX3. Bailey's claim is classified as a "subsequent" claim because the claim was filed over one year after the denial of his prior claim. 20 C.F.R. §725.309(d); DX2. Mr. Bailey's first claim was denied "for failure to establish the existence of pneumoconiosis arising from coal-mine employment, or total disability due to pneumoconiosis." D&O, p. 2. Mr. Bailey's second claim was denied "for failure to establish the existence of pneumoconiosis, that pneumoconiosis arose from coal-mine employment or that Claimant was totally disabled from pneumoconiosis." D&O, p. 2. Total disability was found in both of Mr. Bailey's prior claims. DX1 at 8, 23; DX2 at 7, 9. In order to proceed with his claim, the miner must first show a "change in condition of entitlement" from his prior denial. 20 C.F.R. §725.309(d). "[T]he subsequent claim may be approved only if new evidence submitted in connection with the subsequent claim establishes at least one applicable condition of entitlement." 20 C.F.R. §725.309(d)(3)

---

[1] This is actually Mr. Bailey's fourth filing for benefits. His third claim was withdrawn which removes it from the record; so officially this is Mr. Bailey's third filing for benefits. 20 C.F.R. §725.306.

In the case at bar, the ALJ did not rely on "new evidence" submitted in the claim; the ALJ found that Bailey met the 15-year requirement, was totally disabled and therefore entitled to invocation of the 15-year presumption that Bailey was totally disabled due to pneumoconiosis, which was a condition of entitlement not previously met by Bailey.  D&O, p. 12.  The ALJ's finding of a "change in condition of entitlement" as required by Section 725.309(d) was made solely by the invocation of the revived presumption at 30 U.S.C. §921(c)(4) which is contrary to both the regulatory language requiring the claimant to "demonstrate" a change in condition of entitlement and case law addressing the underlying principles associated with subsequent claims. See, Sahara Coal Co. v. OWCP/U.S. DOL, 946 F.2d 554, 558 (7th Cir. 1991) and Peabody Coal Co. v. Director, OWCP [Spese], 117 F.3d 1001, 1007 (7th Cir. 1997).

Both Bailey and the Director claim it was not error for the ALJ to rely on the presumption to make the finding of a "change in condition of entitlement."  (Bailey Brief, pp. 6-15; Director Brief, pp. 31-39).  Respondents argue that the ALJ was entitled to use the revived presumption, because it is the law in effect at the time of his decision and neither the statute [30 U.S.C. §921(c)(4)] nor the regulation [20 C.F.R. §725.309(d)] preclude the ALJ from utilizing the presumption to make the finding of a change in condition of entitlement. Id.

Respondents' arguments are without merit because there is nothing in Section 725.309(d) that allows for a "presumption" of a change in condition of entitlement.  In fact, Section 725.309(d) states the subsequent "claim shall be

denied unless the claimant demonstrates that one of the applicable conditions of entitlement has changed since the date upon which the order denying the prior claim became final." The claimant has not "demonstrated" anything if it is merely "presumed" that he is totally disabled due to pneumoconiosis.

The word "demonstrate" is not defined by the Black Lung Act. "Demonstrate" is defined by the Merriam-Webster dictionary as "1. to show clearly; 2. (a) to prove or make clear by reasoning or evidence; (b) to illustrate and explain especially with many examples; and 3. to show or prove the value or efficiency of to a prospective buyer." Nothing in the definition includes a presumption but, instead, requires the participant to show clearly or prove by reasoning or evidence. Under Respondents' arguments, it is sufficient to "presume" a change in condition of entitlement despite the regulatory language that requires a claimant to "demonstrate" that he has indeed proven a change in condition of entitlement.

Further evidence rebutting Respondents' arguments that the revived presumption at §921(c)(4) can be applied to 20 C.F.R. §725.309(d) is seen in the D.C. Court's evaluation of the amended regulations. "Thus a miner who was originally found not to suffer from black lung disease may file again if he develops the disease subsequently. Any such claimant, however, must still prove that he now has pneumoconiosis and that his disease arose out of employment in coal mines." Nat'l Mining Ass'n v. Dept. of Labor, 292 F.3d 849, 863 (D.C. Cir. 2002) (emphasis added).

> While appellants express concern that the regulations allow claimants
> to relitigate old claims under an irrebuttable presumption that the
> miners' pneumoconiosis is progressive, the rules afford no such
> presumptions.  The fundamental requirement that the claimant must
> prove a change in a relevant condition (such as whether he developed
> pneumoconiosis after his claim was denied) has not changed. A miner
> will only be successful in his subsequent claim if he has actually
> developed pneumoconiosis or another relevant condition of entitlement
> in the interim.

Nat'l Mining, 292 F.3d at 864 (emphasis added).  "The revised rule actually places

the burden of proof squarely on the claimant to prove a change in condition, stating

that 'the claim shall be denied unless the claimant demonstrates that one of the

applicable conditions of entitlement . . . has changed." Nat'l Mining, 292 F.3d at 870

(emphasis in original).

In the case at bar, Mr. Bailey has "proven" nothing.  Mr. Bailey ceased

working in the coal mines on October 15, 1995 due to a back injury. DX3 at 1.  His

length of coal mine employment remained the same for each filing.  Further, as

shown by both of Bailey's prior decisions denying benefits, he was "totally disabled"

at the time of both filings.  DX1 at 8, 23; DX2 at 7, 9.  Nothing has changed since

the denial of Bailey's prior claims and it is merely "presumed" that he is now totally

disabled due to pneumoconiosis.  These facts lead only to the conclusion that

8

Bailey's earlier claims should not have been denied.  However, such a result runs contrary to res judicata.

Mr. Bailey's disability has not worsened since 2000, say nothing of substantially worsened.  The DOL examination in 2000 revealed pulmonary function testing with an FVC of 63% of predicted (3.05) and an FEV1 was 44% of predicted (1.52).  (DX1, p. 24).  The DOL examination in the case at bar revealed an FVC of 73% of predicted (3.26) which rose to 84% of predicted (3.77) after the bronchodilator was performed and his FEV1 was 48% of predicted (1.68) which rose to 56% of predicted (1.96) after the bronchodilator was performed.  (DX11, p. 23). Accordingly, during the eight years between filings, Claimant's FVC improved 10% and his FEV1 improved 4% and such data flies in the face of this Court's logic in Peabody Coal Co. v. Spese, 117 F.3d 1001 (7th Cir. 1997).

The Seventh Circuit specifically addressed the possibility of this occurrence when addressing the "one-element test" established by the Fourth Circuit in Lisa Lee Mines v. Director, OWCP, 86 F.3d 1358 (4th Cir. 1996).  In Spese, the court reiterated its belief that Sahara Coal was correct to require evidence showing that the claimant's physical condition changed materially between the time of the earlier denial and the new application, such that a finding for the miner on the new application would not imply that the earlier denial was erroneous.  Spese, 117 F.3d at 1008.

The evidence in this case does not support a finding that Mr. Bailey's total disability is more severe now than it was when the first claim was denied.  In fact,

the evidence shows that his pulmonary impairment is either the same or improved. The ALJ's reliance on Mr. Bailey being "totally disabled" and working 15 years in the mine is untenable, because the facts were the same in his earlier filings.  By invoking the presumption, and not actually finding that Mr. Bailey's new evidence supported a finding of pneumoconiosis or total disability due to pneumoconiosis, the ALJ decision finds that Mr. Bailey should have been awarded benefits in 2000 which runs contrary to the principle of res judicata.

While Respondents contend that such application of presumption to make a finding of a change in condition of entitlement is reasonable under the regulations, the argument is further rebutted by the Director's comments to the amended regulations that specifically stated legal pneumoconiosis (which is the only pneumoconiosis that was found in this case (D&O, p. 19-20)) would not be presumed and each miner had the burden of proving that his pulmonary condition was caused by coal dust exposure.  See, Nat'l Mining, 292 F.3d at 863; 65 Fed. Reg. 79920, 79938 (Dec. 20, 2000); 20 C.F.R. §718.201(b)(2); 20 C.F.R. §718.204(a). The Director's contention that the "precise meaning of Spese on this point is irrelevant, however, because this claim is governed by the current version of 20 C.F.R. §725.309" is similarly rebutted by National Mining which found the "new regulation, in relevant part, mirrors the prior §725.309(d)," and retained the requirement that the claimant actually "prove" the change in condition of entitlement.  Nat'l Mining, 292 F.3d at 864, 870.

Unfortunately, as noted in Employer's initial brief, the ALJ's use of the presumption was not his only error in analyzing the evidence with regard to a change in condition of entitlement. He also failed to provide any analysis between the Claimant's testimony of exposure and underground coal mine employment. Just like the Board, Respondents' miss the point of Employer's argument, i.e., the ALJ provided <u>no</u> analysis for his finding that Bailey's employment was substantially similar to underground coal mining. The issue is not Bailey's testimony, it is the lack of analysis by the ALJ about the testimony and underground employment.

The same problem stems from the height discrepancies in the pulmonary function study testing. While the Director attempts to distinguish Toler v. Eastern Associated Coal Co., 43 F.3d 109, 114 (4th Cir. 1995) which requires an ALJ to make a finding on the miner's height, the argument fails. Just as in Toler, and as shown in Employer's initial brief, a finding that the values "qualify as total disabled" changes depending on the height assigned to Mr. Bailey. Director's contention that the medical opinion evidence supported a finding of total disability is equally irrelevant because other evidence, specifically the arterial blood gas testing, was not indicative of total disability. Under the Director's argument, the medical opinion evidence trumps all other evidence regarding total disability; however no such weight is accorded to any of the evidence in evaluating total disability and all of the evidence, like and unlike, must be considered together when determining if a claimant is totally disabled. 20 C.F.R. §718.204(b); Budash v. Bethlehem Mines

11

Corp., 16 BLR 1-27 (1991); Troupe v. Reading Anthracite Coal, 22 BLR 1-11 (1999) (en banc).

Finally, while the Director concedes that the ALJ did not evaluate the rebuttal evidence after invoking the rebuttal evidence, the Director contends it is "harmless error" since the ALJ reviewed the rebuttal evidence after addressing the merits of the claim. Director's Brief at 44-45. Claimant argument also concedes the rebuttal analysis did not occur when the ALJ invoked the presumption. Claimant's Brief at 16-17). The error is not harmless. Since the ALJ did not evaluate the "rebuttal" evidence at this stage, his invocation of the presumption to find a change in condition of entitlement created an irrebuttable presumption of a change in condition of entitlement. Section 921(c)(4) is a rebuttable presumption, not an irrebuttable presumption. Accordingly, even if it were proper to utilize the presumption, which it is not for the reasons set forth above, the ALJ's failure to evaluate the rebuttal evidence was erroneous and requires the claim to be remanded.

The remaining point on this issue stems from Claimant's argument that total disability was not established in the prior denials. (Claimant's Brief at 12-13). This was the same position taken by the Director in the BRB appeal which was relied upon by the Board in its decision. BRB at 6. However, now the Director admits in a footnote, that the order in the prior denial is "arguably ambiguous" and "elected not to pursue this argument on appeal." (Director Brief, pp. 45-46). Employer set forth pages from both of the prior decisions which found Bailey was totally disabled. The

Board's decision, which was based on a finding that Bailey was not totally disabled in the prior claims, is untenable as evidenced by the Director's change in position before this Court leaving the sole issue as whether an ALJ can rely on the presumption at §921(c)(4) to make a finding of a change in a condition of entitlement.

The ALJ's reliance on the presumption at §921(c)(4) to make a "presumed" finding of a change in condition of entitlement was erroneous as a matter of law because a claimant is required to prove the change in condition of entitlement. The ALJ's failure to evaluate the rebuttal evidence only compounded his error by creating an irrebuttable presumption of a change in condition of entitlement instead of requiring the claimant to actually prove a change in condition of entitlement. Further error in the ALJ's decision is seen by his failure to reconcile the height differences in the pulmonary function studies as well as provide any analysis comparing Bailey's testimony to underground mining. Accordingly, the ALJ's finding of a change in condition of entitlement should be vacated and the claim remanded to the OALJ for a proper review of the evidence.

2. The ALJ's invocation of the rebuttable presumption at 30 U.S.C. §921(c)(4) to find entitlement by failing to consider the inconsistencies between the regulations and the statute, adopting conclusions erroneously utilized in determining the "change in condition" under 20 C.F.R. §718.309 and failing to evaluate the additional evidence except to say it was "later in time" and

"did not change his conclusion" was not supported by substantial evidence, rational and was contrary to law.

After the ALJ invoked the presumption to find Claimant proved a change in condition of entitlement, the ALJ summarized the remaining evidence in the record (D&O, pp. 12-16) and "adopted" his findings with regard to the change in condition stating, "None of the additional evidence causes me to change by opinion" without analyzing the "additional evidence" except to say that the more recent evidence was entitled to greater credit. (D&O, p. 17). The Director claims the ALJ's summary of the evidence was sufficient to satisfy the APA because it is proper for the ALJ to rely on the more recent evidence and the ALJ found Claimant's condition had deteriorated. Director's Brief at 46-48.

Contrary to Director's argument, the ALJ's "analysis" of the additional evidence was insufficient. The ALJ's finding that "the more recent studies" reflect "a deterioration in Claimant's health since his first two claims, and being consistent with pneumoconiosis being a progressive disease" is contrary to law, inconsistent with the facts in this case and makes mincemeat of principles of res judicata. (D&O, p. 17).

First and foremost, there were no prior findings of pneumoconiosis in the earlier claims. Since there was no finding of "pneumoconiosis" in the prior claims it would be impossible to find that the disease "progressed." Both Claimant and Director contend it was reasonable for the ALJ to rely on progression as the basis of his opinion, however, their contentions are rebutted by the Secretary's prior

14

testimony on the issue of progressiveness of pneumoconiosis. Before the D.C.
Circuit, the Secretary conceded that the most common forms of pneumoconiosis
were not latent.  Further the Secretary acknowledged that latent and progressive
pneumoconiosis was rare, occurring in a small percentage of cases by all accounts.
Nat'l Mining, 292 F.3d at 863 citing Tr. of Oral Arg. at 52-55.

The ALJ never addressed the rarity of this occurrence or made a finding that
Claimant's "pneumoconiosis" was "latent" or was not one of the more common forms
of pneumoconiosis.  Further, the objective testing from Bailey's first and last claims
revealed improvement in Bailey's pulmonary function study values; in the eight
year period between claims, Bailey's FVC improved 10% and his FEV1 improved
4%. DX1 at 24; DX11 at 23.  The ALJ's finding "pneumoconiosis" was based solely
on his invocation of the presumption.  The ALJ's reliance on the progressive nature
of the disease in Bailey's case has no foundation.  The ALJ's conclusion essentially
becomes a finding that the earlier denials were wrong, since Bailey would have had
pneumoconiosis in 2000 or 2003 for it to have "progressed."  Such finding is not
permissible under the well established principles of res judicata.  See, Sahara Coal,
946 F.2d at 556 (a showing that the original denial was wrong is an impermissible
collateral attack on the prior denial).

Secondly, as noted above, there is no deterioration in Claimant's pulmonary
impairment.  The 2000 FVC and FEV1, when adjusted for percentage of predicted,
indicated either similar values in 2008 and 2009 or an improvement in Claimant's
pulmonary capability.  While it is proper for an ALJ to rely on more recent evidence

15

if there is evidence that a miner's "pneumoconiosis" progressed, the underlying rationale is lost when the objective evidence reveals an improvement in the miner's pulmonary function. Claimant's pulmonary function study values. Contrary to Respondents' arguments, the ALJ's decision was not supported by substantial evidence that a rational mine might accept as adequate. The ALJ's analysis of the additional evidence was incomplete, irrational and insufficient to meet the requirements of the Administrative Procedure Act.

Finally, as noted in Employer's previous brief, the ALJ's invocation of the presumption ultimately presumed legal pneumoconiosis. D&O at 19-20. When legal pneumoconiosis was codified in the 2001 amended regulations, the comments specifically stated that legal pneumoconiosis would not be presumed. 65 Fed Reg. 79938. Further, the retroactivity and constitutionality of the amended regulation was addressed in National Mining. The new rule . . . "does not, as appellants suggest, create a presumption that all or even most obstructive disease is caused by exposure to coal dust. The District Court correctly found that, under both the old and new regulations, 'each miner bear[s] the burden of proving that his obstructive disease did in fact arise out of his coal mine employment.'" Nat'l Mining, 292 F.3d at 862-63 (emphasis in original).

Claimant takes exception to Employer's argument that this Court should follow the Ten Circuit's lead in Anderson v. Director, OWCP, 455 F.3d 1102 (10th Cir. 2006) which stated that the causation presumption previously applied to "pneumoconiosis" should not be applied to "legal pneumoconiosis" specifically due

16

the Federal Register and National Mining language against any presumption of the disease. See also, Energy West Mining Company v. Oliver, OWCP, 555 F.3d 1211, 1215 (10th Cir. 2009)("Because COPD is most frequently caused by cigarette smoking and is commonly found amount the general population, we have held that a miner whose claim to black lung benefits is based on COPD is not entitled to the ordinary presumption that his or her disease arose out of coal mining employment provided he worked in the mines for at least ten years").  Claimant contends the Tenth Circuit ignores the research set forth in the Federal Register (Brief at 26-27), however, the Anderson decision is based on the amended regulations which incorporated the statements from the Federal Register.  Instead Clamant requests this Court defer to the decisions in Sprague v. Director, OWCP, 310 Fed. Appx 890 (7th Cir. 2009) (unpub.), West Virginia CWP Fund v. Stacy, Director, OWCP, 671 F.3d 378 (4th Cir. 2011) and B&G Construction Co v. Director, OWCP, 662 F.3d 233 (3rd Cir. 2011).  Director also objected to Employer's argument contending the previous case law required employers to rebut legal pneumoconiosis citing Freeman United Coal Mining Co v. Summers, 272 F.3d 473 (7th Cir. 2001) and Barber v. Director, OWCP, 43 F.3d 899 (4th Cir. 1995).

Despite the plethora of cases cited by Respondents, none of the cases address the issue of whether an ALJ can apply a presumption to prove legal pneumoconiosis when the underlying comments to the regulations state that legal pneumoconiosis would not be presumed.  Stacy is a widow's claim that addressed the irrebuttable presumption at 30 U.S.C. §932(l) which provides that an eligible survivor of a miner

17

who was receiving benefits at the time of his death is automatically entitled to benefits without having to establish that the miner's death was due to pneumoconiosis.  Stacy, 671 F.3d at 381.  B&G Construction is also a widow's claim discussing the irrebuttable presumption at §932(l).  B&G Construction, 662 F.3d at 237-38.  Barber, which involved the ALJ's failure to apply the original presumption at 20 C.F.R. §718.305, discusses the legal definition of pneumoconiosis and, upon invocation of the presumption in the Fourth Circuit, presumed that all of the miner's pulmonary conditions were related to his coal dust exposure.  Barber, 43 F.3d at 900.  Barber, is distinguishable however, due to the fact that the amended regulations, which as interpreted by both the Secretary and the D.C. Circuit, precludes a finding of legal pneumoconiosis by presumption and specifically requires the claimant to prove by a preponderance of the evidence that his pulmonary condition was due to coal dust exposure.  Nat'l Mining, 292 F.3d at 862-63. The same is true for Summers.  Summers, 272 F.3d at 481.  Sprague, which was decided after the regulations were amended, is distinguishable because it did not involve a presumption of the legal pneumoconiosis.  Sprague, 310 Fed. Appx at 891.

Only the cases cited by Employer address both the amended regulation which specifically precluded a finding of legal pneumoconiosis with one of the presumptions, albeit not the one involved in the case at bar, set forth in the BLBA. In order to reconcile both the statute and the regulations, the analysis in Anderson is directly on point.

Finally, it must be noted, that while this Court found the revived presumptions set forth in Section 1556 of the PPACA constitutional in Keene v. Consolidation Coal Company, 645 F.3d 844, 851 (7th Cir. 2011), the constitutionality of the PPACA is now under consideration by the U.S. Supreme Court.  Oral argument was held on March 26-28, 2012 in National Federation of Independent Business v. Sebelius, 80 U.S.L.W. 3198 (U.S. Nov. 14, 2011) (11-393) and Department of Health and Human Services v. Florida, 80 U.S.L.W. 3199 (U.S. Nov. 14, 2011) (11-398). If the Court holds that the PPACA is unconstitutional and unseverable, the basis for Bailey's award of benefits will be abolished.  In that event, the ALJ's decision should be vacated and the case remanded for a re-determination of Bailey's eligibility for benefits without the use of the presumption.

In the event the PPACA is upheld, this Court must determine if legal pneumoconiosis can be presumed in light of the statutory amendments to the regulations in 2001 that specifically prohibited the presumption of legal pneumoconiosis.  The current statute and amended regulations cannot be reconciled.  For all of these reasons, as well as those in Employer's initial brief, the ALJ's invocation of the presumption should be vacated and the claim remanded to the OALJ for a proper review of the evidence.

3.    The ALJ's finding that Consol failed to rebut the presumption was not supported by substantial evidence, irrational and contrary to law based on both the ALJ's analysis of the evidence and the inconsistencies between the amended regulations and the revived presumption at §921(c)(4).

19

After the ALJ invoked the presumption at §921(c)(4), the ALJ specifically found that Consol rebutted the presumption that Bailey did not have clinical pneumoconiosis.  D&O, p. 19.  Since "legal pneumoconiosis" cannot be "presumed" based on the definition of legal pneumoconiosis, the comments to the regulations and the case law interpreting the regulations, [See, 20 C.F.R. §718.201(b), 65 Fed. Reg. 79938, 64 Fed. Reg. 54978 and Nat'l Mining Ass'n v. Dept. of Labor, 292 F.3d 849, 862-63 (D.C. Cir. 2002)], Consol successfully rebutted the presumption that Bailey had pneumoconiosis and the claim should have been denied benefits.

Instead, the ALJ found that Consol did not rebut a finding of "legal pneumoconiosis" and therefore Consol failed to rebut a finding that Bailey was totally disabled due to pneumoconiosis.  D&O, p. 20.  The ALJ's analysis of the evidence, as well as his failure to consider further contradictions between the amended regulations and the revived 15-year presumption, rendered the ALJ's conclusion irrational, not supported by substantial evidence and contrary to law.

First and foremost, the ALJ's analysis of rebuttal evidence only addressed the finding of "legal pneumoconiosis."  D&O, pp. 19-20.  There was no analysis of "total disability due to pneumoconiosis."  D&O, p. 20.  The ALJ's finding that Employer failed to rebut the finding of legal pneumoconiosis in insufficient to conclude Employer failed to rebut the finding of total disability due to legal pneumoconiosis.

After the 15-year presumption is invoked, the burden shifts to the coal company to demonstrate either that (1) the miner does not have pneumoconiosis; (2)

20

is not totally disabled; or (3) is not disabled by pneumoconiosis.  Summers, 272 F.3d at 481; Peabody Coal Co v. Director, OWCP, 165 F.3d 1126, 1128 (7th Cir. 1999); Amax Coal Co v. Burns, 855 F.2d 499, 500 (7th Cir. 1988).  In Summers, the Court found that "the proper causation standard requires that black lung disease be a necessary, though it need not be a sufficient, condition of the miner's total disability."  Summers, 272 F.3d at 482 citing Shelton v. Old Ben Coal Co., 933 F.2d 504, 508 (7th Cir. 1991).  "In other words, at this juncture, the coal company must prove that Summers would not have been able to continue working in the mines had it not been for pneumoconiosis." Summers, 272 F.3d at 482 citing Peabody Coal Co. v. Director, OWCP, 165 F.3d 1126, 1128 (7th Cir. 1999); Freeman United Coal Mining Co v. Anderson, 973 F.2d 514, 518 (7th Cir. 1992).

Interestingly, while the Director addresses Employer's arguments related to the removal of the Vigna rule and the ALJ's findings related to Claimant's smoking history, the Director fails to address the fact that the ALJ provided absolutely no analysis regarding "total disability due to pneumoconiosis.  Director's Brief at 49-56.  One would assume based on Director's brief, the only way to rebut the presumption is to prove the miner does not suffer from pneumoconiosis.  Id. at 49.  Such a finding is contrary to law as even the U.S. Supreme Court previously found that an Employer was not limited to the "Secretary's rebuttal" of showing that the miner did not have pneumoconiosis or was not totally disabled due to pneumoconiosis.  Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 36-37, 96 S. Ct.

2882 (1976) ("In short, we conclude that the Act does not itself limit the evidence with which an operator may rebut the 411(c)(4) presumption.").

Claimant's argument is equally without merit. Claimant argues that since Employer's experts agreed that Claimant was totally disabled, and Employer did not rebut the finding of legal pneumoconiosis, it failed to rebut the finding of total disability due to pneumoconiosis. Claimant's Brief at 27-28. Specifically, Claimant argues, "there would be no reason for the ALJ to make that determination because the evidence submitted by Consol established total pulmonary disability." Id. at 28.

Even though the statute specifically provides the Secretary with two possible avenues to rebut the presumption, and the U.S. Supreme Court previously stated that an Employer is not limited in its rebuttal evidence to the methods prescribed to the Secretary, Respondents take the position that in this case Employer was limited solely to providing rebuttal to the finding of legal pneumoconiosis, a condition which when codified specifically stated could not be presumed. Respondents' position is further rebutted by Summers which allows Employer to demonstrate either that (1) the miner does not have pneumoconiosis, (2) is not totally disabled, or (3) is not disabled by pneumoconiosis. Summers, 272 F.3d at 481.

Both Respondents argue that any analysis of rebuttal evidence under Vigna or Blakely is precluded by the amended regulation dispensing with any form of disability, other than a pulmonary condition. However, when the regulation was enacted there was no 15-year presumption and specifically found the regulation could not be used retroactively. Accordingly, the Seventh Circuit was able to use

22

the Vigna analysis for claim filed under the Section 727 presumption.  See, Gulley

v. Director, OWCP, 397 F.3d 535 (7th Cir. 2005).

The current regulations and a presumption of total disability due to legal

pneumoconiosis cannot be reconciled.  The regulations require a miner's

pneumoconiosis to be a substantially contributing cause of the miner's total

disability.  20 C.F.R. §718.204(c)(1).  "Pneumoconiosis is a 'substantially

contributing cause' of the miner's disability if it (i) has a material adverse effect on

the miner's respiratory or pulmonary condition; or (ii) materially worsens a totally

disabling respiratory or pulmonary impairment which is caused by a disease or

exposure unrelated to coal mine employment." Id.  With the presumption it is

presumed that a miner's coal mine employment or legal pneumoconiosis is a

substantially contributing cause of his total disability.  Accordingly, due process

would allow an employer to present evidence that either the miner's coal mine

employment or legal pneumoconiosis was not a substantially contributing cause of

the miner's total disability.

In this case, the miner was totally disabled from coal mining when he left the

mine due to a back injury.  DX3, p. 1; TR at 17, 21. Following the injury, Dr. Foulk

placed restrictions that included "no lifting."  Tr. 21-22.  Bailey testified that the "no

lifting" restriction remained in placed and currently he could not "do a whole heck

of a lot" because of his back.  Tr. 22.  He further testified that he did not return to

the mine after October 1995 because of his back injury.  Tr. 30.  Based on Bailey's

own testimony he was totally disabled from coal mining in October 1995.  Even if

the ALJ correctly determined Bailey had legal pneumoconiosis, the disease was not a substantially contributing cause of Bailey's total disability if he was already totally disabled 15 years earlier from his back injury.

The Director concedes that "an act of Congress surely trumps inconsistent portions of a statute's implementing regulations." Director's Brief at 51-52 citing Cumberland v. Dep't of Agric. Of U.S., 537 F.2d 959, 961 (7th Cir. 1976).  The current regulations, including Sections 718.201, 718.204(c)(1) and 718.305 are inconsistent with the current statute.  Specifically, the revived presumption at §921(c)(4) does not prohibit the employer from rebutting the presumption in any manner whatsoever whereas, Sections 718.204(c)(1) and 718.305 do set limits for rebuttal.  Since "an act of Congress surely trumps inconsistent portion so the statute's implementing regulations" due process allows an Employer to rebut the presumption by showing Employee was not totally disabled due to pneumoconiosis or that his pneumoconiosis was not a substantially contributing cause of his total disability.

Limiting an employer to rebuttal evidence solely addressing the finding of pneumoconiosis, creates an irrebuttable presumption that every miner's pneumoconiosis is a substantially contributing cause of the miner's total disability. "A statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed." Leary v. United States, 395 U.S. 6, 33, 89 S. Ct. 1532, 1547 (1969).  Congress has recognized that the disease must produce total disability or death before any operator may be held

24

liable for benefits.  30 U.S.C. §932.  The only irrebuttable presumption of total

disability due to pneumoconiosis is attached to a finding of complicated coal

workers' pneumoconiosis.  30 U.S.C. §921(c)(3).  This finding was based on the

advanced and progressive state of the disease.  See, Usery, 96 S. Ct. at 23.

Conversely, there is no scientific evidence that proclaims every diagnosis of

simple coal workers' pneumoconiosis or legal pneumoconiosis causes total disability

per se.  In fact, if such were true, there would be no need for pulmonary function

testing, arterial blood gas testing or medical opinion evidence on the issue of total

disability or any standard for determining total disability. See, 20 C.F.R. §§718.204

(b) and (c).  The Director's attempt to limit rebuttal evidence on the issue of whether

a miner's total disability is due to pneumoconiosis has no foundation in science or

law.

The amended statute at Section 921(c)(4) does not limit an Employer in its

production of rebuttal evidence.  Usery v. Turner Elkhorn Mining, 96 S. Ct. 1, 35

(1976).  As noted by the Director, "an act of Congress surely trumps inconsistent

portions of a statute's implementing regulations." Director's Brief at 51-52 citing

Cumberland v. Dep't of Agric. Of U.S., 537 F.2d 959, 961 (7th Cir. 1976). As such,

Employer is not limited in its rebuttal of the presumption that Bailey's total

disability was not due to pneumoconiosis and it was error for the ALJ to fail to

analyze whether Employer rebutted the presumption that Bailey was totally

disabled due to pneumoconiosis.

Finally, it must further be noted that not even Dr. Houser's report finds that Bailey's "legal pneumoconiosis" was a "substantially contributing cause of his total disability." Dr. Houser's DOL examination report stated that the respiratory diagnosis collectively and the arterial sclerotic heart disease were each factors contributing to impairment. DX11. Dr. Houser stated that at this point in time the respiratory diagnosis seemed to be a more significant factor overall causing impairment although cardiovascular status has not been fully evaluated. Id. Dr. Houser than referred Bailey to Dr. Lee, a cardiologist in Carbondale. Id. No supplemental report was provided by Dr. Houser following the referral to Dr. Lee. The ALJ provided no analysis of Dr. Houser's opinion despite the fact that Dr. Houser did not find Bailey's legal pneumoconiosis was a substantially contributing cause of his disability.

For the reasons set forth above, as well as those in Employer's initial brief, Employer respectfully requests this Court vacate the ALJ's finding that Employer failed to rebut the presumption at §921(c)(4) and remand the claim back to the OALJ for a proper review of the evidence.

CONCLUSION

For the above-stated reasons, Employer-Appellant respectfully requests this

Honorable Court vacate the ALJ's findings and remand the claim for a proper

review of the law consistent with the statutes and regulations.

/s/ Cheryl L. Intravaia
Counsel for Employer-Appellant
Cheryl L. Intravaia
FEIRICH/MAGER/GREEN/RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62901
(618) 529-3000

CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(a)(7)

Employer-Appellant's counsel hereby certifies that this brief complies with
the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this reply brief
contains 5,817 words, including the footnotes.

Dated:    May 15, 2012                    /s/ Cheryl L. Intravaia
Counsel for Employer-Appellant
Consolidation Coal Company
Cheryl L. Intravaia
FEIRICH/MAGER/GREEN/RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62901
(618) 529-3000

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

In addition to the above filing, undersigned hereby certifies that she will mail two (2) copies of the Brief of Employer-Appellant, Consolidation Coal Company, to:

Maia S. Fisher, Esq. and Gary K. Stearman, Esq.
U.S. Department of Labor
Office of the Solicitor SOL/BLLS
200 Constitution Avenue, NW
Suite N-2117
Washington, DC 20210

and

Tara Dahl, Esq.
308 West Walnut Street
Carbondale, IL 62903

by depositing them in the United States Mail, postage prepaid, at the U.S. Post Office in Carbondale, Illinois, within seven (7) days of the electronic filing and will also mail, fifteen (15) copies of the brief in the same time period and manner to:

Honorable Gino J. Agnello
Clerk of the United States Court of Appeals - Seventh Circuit
2710 A U.S. Courthouse
219 South Dearborn Street, Room 2722
Chicago, IL 60604

Dated: <u>May 14, 2012</u>                                  <u>/s/ Cheryl L. Intravaia</u>
                                                        Counsel for Employer-Appellant
                                                        Consolidation Coal Company
                                                        Cheryl L. Intravaia
                                                        FEIRICH/MAGER/GREEN/RYAN
                                                         2001 West Main Street
                                                        P.O. Box 1570
                                                        Carbondale, IL 62901
                                                        (618) 529-3000